```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X

MICHAEL ANGELO OJEDA and CARMEN
ROSA TORRES OJEDA,

                Plaintiffs,              MEMORANDUM & ORDER
                                         20-CV-3910(EK)(LB)
     - against -

ALFONSO MENDEZ, Police Officer,
Badge # 7899; NEW YORK POLICE
DEPARTMENT; INTERNAL AFFAIRS
BUREAU; et al.,

                Defendants.

--------------------------------------X
```

ERIC KOMITEE, District Judge:

Plaintiffs Michael Angelo Ojeda and Carmen Rosa Torres Ojeda filed this *pro se* action in August 2020. The Court has reviewed the complaint *sua sponte* and determined that it names certain defendants who are immune from suit and asserts certain claims under statutes that provide no private cause of action. Accordingly, and for the reasons stated below, Plaintiffs' claims against Justice Dawn Jimenez-Salta, Justice Sylvia Ash, the State of New York, the Clerk's Office of the Kings County Supreme Court, the Office of Court Administration, the New York City Police Department and its Internal Affairs Bureau, the New York City Department of Consumer and Worker Protection, Mitu Maruf (a/k/a Maruf Alam), Zaki Isaac Tamir, and Clark Pena are dismissed. This action will proceed at this stage against the

1

remaining defendants: the City of New York, Mayor Bill de Blasio, Police Officer Alfonso Mendez, the Police Benevolent Association of New York City, Bonita E. Zelman, Seth A. Harris, and Felix W. Ortiz.

## I.   Background

This action arises out of the tragic death of Plaintiffs' daughter Briana.  The following facts are as alleged in the complaint.  On August 27, 2010, Briana experienced a severe asthma attack.  As Ms. Ojeda rushed Briana by car to Long Island College Hospital in Brooklyn, they encountered Officer Mendez, who, for reasons that are not clear in the complaint, stopped Ms. Ojeda and asked what they were doing.  Ms. Ojeda urged Officer Mendez to perform CPR on Briana; however, he responded, "I do not know CPR and I don't do CPR."  Ms. Ojeda continued to the hospital, where Briana was pronounced dead.

Following their daughter's death, Plaintiffs pursued legal and political efforts to seek redress.  The allegations in the complaint are somewhat confusing, but it appears that in or around 2011, Plaintiffs brought a wrongful death action in New York State court against the City, Officer Mendez and other defendants, and this action was dismissed in 2016.  Plaintiffs contend that their attorneys in that action, defendants Bonita E. Zelman and Seth A. Harris, "r[an] [the] case into the ground," including by improperly filing the "Notice of Claim"

2

"directly [with] the Comptroller and Legal Counsel for the City of New York . . . so that [the] case could be put into the counterfeit system." In addition, certain individuals and entities in the court system allegedly engaged in a "Ponzi Scheme" and failed "to follow required procedural law." The targets of those allegations are Justice Dawn Jimenez-Salta and Justice Sylvia Ash of the New York State Supreme Court, who presided over the proceedings; the Clerk's Office of the Supreme Court of Kings County; and the New York State Office of Court Administration. In retaliation for the lawsuit, Plaintiffs allege that defendant New York City Department of Consumer and Worker Protection (named in the complaint by its former title, the New York City Department of Consumer Affairs) removed them from the "DARP program."[1]

Plaintiffs also campaigned for "Briana's Law," which New York State passed in 2017, requiring police officers to be trained in CPR every two years. Plaintiffs allege, among other things, that during this campaign defendants Felix Ortiz, a New York State Assembly Member, and his aide Mitu Maruf (a/k/a Maruf Alam), improperly requested "personal favors" from Plaintiffs. Sometime later, Plaintiffs established a foundation in Briana's

---

[1]   The Complaint does not explain what the "DARP program" is; however, it may be a reference to New York City's Directed Accident Towing Program.

name — the "Briana Lives Foundation, Inc."  However, Plaintiffs allege that its founders, defendants Zaki Isaac Tamir and Clark Pena, "hijack[ed]" the organization for their own financial gain.

In general, throughout the complaint, Plaintiffs allege that certain defendants — including the New York City Police Department and its Internal Affairs Bureau, the Police Benevolent Association of New York City (a union), the City of New York, the State of New York, and Mayor Bill de Blasio — conspired with others "[to] cover up" Officer Mendez's allegedly criminal conduct.

At the end of the complaint, Plaintiffs set out a number of counts.  They bring civil claims pursuant to the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; due process claims under the Fourteenth Amendment, which the Court construes as brought pursuant to 42 U.S.C. § 1983; claims for "Federal Negligence — *United States v. Carroll Towing*" and "46 U.S. Code § 30509 Intentional Infliction of Emotional Distress," which the Court construes as state-law tort claims;[2] and causes of action under numerous criminal statutes.

---

[2]   Plaintiffs purport to bring counts under "46 U.S. Code § 30509 Intentional Infliction of Emotional Distress" and "Federal Negligence —

## II. Legal Standard

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). However, a district court has the inherent power to dismiss *sua sponte* a case, or a claim, as frivolous — even if (as is the case here) a *pro se* plaintiff has paid the filing fee. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). A claim is frivolous when it is "based on an indisputably meritless legal theory." *Jordan v. New York State Dep't of Labor*, 811 F. App'x 58, 59 (2d Cir. 2020) (citing *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir 1998)). In addition, a complaint will also be dismissed when "it is clear

---

*United States v. Carroll Towing*." Section 30509 is a maritime statute. Similarly, *United States v. Carroll Towing Co.*, 159 F.2d 169 (2d Cir. 1947), sets forth the "well-established principles of Second Circuit maritime negligence law." *See, e.g.*, *In re Nagler*, 246 F. Supp. 3d 648, 658 (E.D.N.Y. 2017). Accordingly, the court construes these claims as being brought in tort law for intentional infliction of emotional distress and negligence.

5

that the defendants are immune from suit." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999).

### III. Discussion

**A.      Defendants Immune from Suit**

Certain defendants here are clearly immune from suit. First, judges are accorded absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges are immune from suit except for actions taken in a non-judicial capacity or in the complete absence of jurisdiction). This absolute judicial immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 11, 13. Plaintiffs' only claims against Justices Ash and Jimenez-Salta relate to their official actions presiding over the state court proceedings — failing to hold a required "preliminary conference" at one point, and improperly "resurrect[ing] a case" at another. These actions were clearly taken within their judicial capacities. Thus, defendants Ash and Jimenez-Salta are immune from suit for damages, and the claims against them are dismissed.

Second, Plaintiffs name the State of New York and several of its agencies as defendants. States and their

6

agencies possess sovereign immunity, as memorialized in the Eleventh Amendment. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Eleventh Amendment bars suits for damages against states and state agencies absent a state's consent or a valid abrogation of the state's sovereign immunity by an act of Congress. *Id.* at 99-100. Plaintiffs have not identified any waiver of sovereign immunity that would permit them to bring suit against the State of New York or any of its agencies based on Plaintiffs' state court cases or legislative efforts. Indeed, "New York State has not waived its sovereign immunity from Section 1983 claims, nor did Congress override that immunity by enacting Section 1983." *Nolan v. Cuomo*, No. 11-CV-5827, 2013 WL 168674, at \*7 (E.D.N.Y. Jan. 16, 2013) (internal citations omitted). Accordingly, Plaintiffs' claims against the State of New York, the Clerk's Office of the Kings County Supreme Court, and the Office of Court Administration are dismissed.

Finally, Plaintiffs name multiple New York City agencies as defendants. Federal courts look to state law to decide whether a municipal entity is amenable to suit in federal court. Fed. R. Civ. P. 17(b)(3). Here, the New York City Charter is the relevant authority. *See, e.g.*, *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008). The

7

Charter provides that actions and proceedings to recover penalties for legal violations shall be brought against the City of New York and not any agency thereof, except where otherwise provided by law. N.Y.C. Charter Ch. 17, § 396. Therefore, agencies of New York City are not "suable" entities. *See e.g.*, *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Baily v. New York City Police Dept.*, 910 F. Supp. 116, 117 (E.D.N.Y. 1996). Accordingly, the New York City Police Department, the N.Y.P.D.'s Internal Affairs Bureau, and the New York City Department of Consumer and Worker Protection are dismissed.

**B.     Causes of Action Based in Federal Criminal Laws**

Plaintiffs allege that all defendants violated one or more criminal statutes. For example, they bring one count against Officer Mendez for second degree murder, and allege that certain defendants' conduct amounts to treason. Plaintiffs invoke a multitude of criminal statutes, including 18 U.S.C. § 225 (continuing financial crimes enterprise), 18 U.S.C. § 471 (counterfeiting), 18 U.S.C. § 1001 (false statements), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1503 (obstruction of justice), 18 U.S.C. § 1510 (obstruction), 18 U.S.C. § 1511 (obstruction), 18 U.S.C. § 1581 (peonage), 18 U.S.C. § 1951 (interference with commerce by threats or violence), 18 U.S.C. § 1957 (engaging in

8

monetary transactions in property derived from specified unlawful activity), 18 U.S.C. § 2381 (treason), 18 U.S.C. § 2384 (seditious conspiracy), and murder in the second degree, N.Y. Penal Law § 125.25.

"It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not . . . by private complaints." *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir. 1972); *see also Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009) ("[F]ederal criminal statutes do not provide private causes of action."). Accordingly, all counts under criminal statutes (except for RICO) are dismissed because they do not provide a private right of action. In addition, defendants Mitu Maruf (a/k/a Maruf Alam), Zaki Isaac Tamir, and Clark Pena are dismissed from this action, because the complaint asserts only criminal law causes of action against them.

Some of the defendants' alleged conduct, however, relates to crimes that are also predicate acts to a RICO violation. *See, e.g.,* 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1503 (obstruction of justice), 18 U.S.C. § 1511 (obstruction of state or local law enforcement). As the Court is allowing the alleged RICO violation(s) to proceed past this stage, those

9

allegations may be relevant to one or more surviving claims.

### IV.  Conclusion

In sum, the following defendants are dismissed: Justice Dawn Jimenez-Salta, Justice Sylvia Ash, the State of New York, the Clerk's Office of the Kings County Supreme Court, the Office of Court Administration, the New York City Police Department and its Internal Affairs Bureau, the New York City Department of Consumer and Worker Protection, Mitu Maruf (a/k/a Maruf Alam), Zaki Isaac Tamir, and Clark Pena.

The remaining defendants are the City of New York, Mayor Bill de Blasio, Officer Alfonso Mendez, the Police Benevolent Association of New York City, Bonita E. Zelman, Seth A. Harris, and Felix W. Ortiz.  In addition, the counts brought under criminal statutes (except for RICO) are dismissed as to all remaining defendants.

Plaintiffs request an extension of time to serve the complaint and summonses.  ECF No. 33.  This request is granted as to the remaining defendants not already served — Officer Alfonso Mendez, Felix W. Ortiz, and Bonita Zelman.  Plaintiffs must serve these defendants within forty-five days of the date of this Order and file proof of service with the Court.  Fed. R. Civ. P. 4(l).  If proper service against a defendant is not made, and if Plaintiffs fail to show good cause as to why such

service has not been made, the defendant may be dismissed.  Fed. R. Civ. P. 4(m).

In the event that Plaintiffs elect to proceed *in forma pauperis* on appeal from this Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any such appeal would not be taken in good faith and therefore denies *in forma pauperis* status.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

    /s Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated:   January 7, 2021
        Brooklyn, New York

11