```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

MICHAEL ANGELO OJEDA and CARMEN
ROSA TORRES OJEDA,
                                        MEMORANDUM & ORDER
                  Plaintiffs,           20-CV-3910(EK)(LB)

            v.

City of New York, Mayor Bill de
Blasio, Officer Alfonso Mendez, the
Police Benevolent Association of
New York City, Bonita E. Zelman,
Seth A. Harris, and Felix W. Ortiz,

                  Defendants.
------------------------------------x
```

ERIC KOMITEE, United States District Judge:

This action arises out of the tragic death of Plaintiffs' daughter Briana. Plaintiffs are proceeding *pro se*. In January of this year, the Court dismissed, on its own motion, certain defendants from the action on the ground that they are immune from suit. I also dismissed certain of the Plaintiffs' claims against the remaining defendants because those claims were asserted under criminal statutes that provide no private cause of action. Now, more than four months later, the *pro se* Plaintiffs filed a motion for reconsideration of that Order. Plaintiffs argue that the dismissal "violated due process" because the defendants had not yet responded to the complaint when I dismissed them.

The motion for reconsideration is denied as untimely. A plaintiff may move for reconsideration of an order under Local Civil Rule 6.3 or under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. *E.g.*, *Shearard v. Geithner*, 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010). A motion for reconsideration must be filed within fourteen days of entry of an order under Local Civil Rule 6.3(e), and within twenty-eight days under Fed. R. Civ. P. Rule 59(e). Plaintiff's motion, which was filed more than four months after the Order issued, is thus untimely under those two rules. Courts in this Circuit often construe untimely motions for reconsideration as brought under Fed. R. Civ. P. 60(b), which has a less restrictive time constraint. *See, e.g.*, *NYC Med. Prac., P.C. v. Shokrian*, No. 19-CV-162, 2020 WL 1853203, at *3 (E.D.N.Y. Jan. 31, 2020). Rule 60(b), however, applies only to "final judgment[s], order[s], or proceeding[s]." Fed. R. Civ. P. 60(b).

"The standard test for whether a judgment is 'final' for Rule 60(b) purposes is 'whether the judgment is sufficiently final to be appealed." *NYC Med. Prac.*, 2020 WL 1853203, at *3. "Generally, a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *United States v. Smathers*, 879 F.3d 453, 459 (2d Cir. 2018). The Court's *sua sponte* Order was not "final," therefore, because it allowed certain claims to proceed against

2

the remaining defendants. *Fisher v. New York Police Dep't*, 100 F.3d 942 (2d Cir. 1996). Accordingly, Rule 60(b) does not apply. Plaintiffs are thus barred from any avenue of reconsideration.

Even if the reconsideration motion had been timely filed, I would still deny it. Motions for reconsideration are "disfavored" and "reserved for exceptional cases." *Crawford v. Franklin Credit Mgmt.*, Corp., No. 08-CV-6293, 2013 WL 2951957, at *1 (S.D.N.Y. June 14, 2013). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Here, Plaintiffs have not satisfied this strict standard. They argue that it was wrong to dismiss claims and defendants at this stage, before the defendants had an opportunity to respond to the complaint; but this is legally incorrect. The Court can dismiss a case as frivolous on its own motion and at any time, even where — as here — a *pro se* plaintiff has paid the Court's filing fee and therefore 28 U.S.C. § 1915(a) does not apply. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). A claim is

3

frivolous where it is based on an indisputably meritless legal theory, *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir 1998), and a claim that seeks civil damages pursuant to a criminal statute fits that bill.  *See, e.g.*, *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972).  The same is true of a claim against defendants who are clearly immune from suit.  *E.g.*, *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999).

Accordingly, Plaintiffs' motion for reconsideration is denied.


 SO ORDERED.

                                              /s Eric Komitee_____
                                              ERIC KOMITEE
                                              United States District Judge



Dated:     August 6, 2021
            Brooklyn, New York